# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| LARRY T. OUTLAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:12-CV-130 JVB |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Larry T. Outlaw, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held on November 28, 2011, at the Indiana State Prison. In case number ISP 11-11-0072, the Disciplinary Hearing Body (DHB) found him guilty of threatening in violation of B-213. Outlaw was demoted from credit class II to credit class III and deprived of 60 days earned credit time.

First, Outlaw argues that his due process rights were violated when the DHB denied all of his physical evidence requests. Specifically, he requested a lie detector test on the reporting employee, a copy of a civil rights complaint he had previously filed on the reporting employee, and a list of all prison employees that work in K-group. Due process only requires that an inmate be allowed to submit evidence that is both relevant and exculpatory. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Outlaw has not demonstrated, and this court cannot discern, how a list of all prison employees in K-group, or copy of his civil rights petition, would be relevant or exculpatory to this charge. Moreover, due process does not guarantee prisoners the right to create evidence. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.* Denying prisoners the power to compel employees to submit to a lie detector test certainly falls within the prisons reasonable discretion. Due process does not require

that prisoners be allowed to question witnesses. *See Piggie v. Cotton*, 342 F.3d 660, 666. Neither does it require witnesses to submit to a lie detector test. Therefore, the DHB's denial of the requested physical evidence did not violate Outlaw's due process rights.

Secondly, Outlaw argues that there is insufficient evidence to support the DHB's determination of guilt. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report states:

> On 11/7/11 at approx 3:25 a.m. I Sgt Cedano was in the custody hall when offender Outlaw (900496) was going back to IDU. Offender Outlaw told me to take these handcuffs off, so he could kick my ass. He told me lets get on the elevator then he stated to me again he would kick my ass so bad.

ECF 5-1 at 7. Based on this conduct report, there is some evidence that Outlaw verbally threatened the guard in violation of B-213, therefore, his second argument for habeas corpus relief cannot succeed.

Lastly, Outlaw asserts that he was denied a continuance to prepare his defense. Though *Wolff* requires that an inmate be given 24 hour advance written notice of the factual basis of the

charges against him, it does not require that he be granted a continuance. "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). As denying his request for a continuance did not deny him due process, Outlaw's third and final argument for habeas corpus relief cannot succeed. For the reasons set forth above, the petition is **DENIED** pursuant to § 2254 HABEAS CORPUS RULE 4.

SO ORDERED on July 2, 2012.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division